IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. KACZYNSKI, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1008 |
| | ) | |
| MARTIN O'MALLEY,[1] | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 25th day of September, 2024, upon consideration of the parties'

cross-motions for summary judgment, the Court, upon review of the Commissioner of Social

Security's final decision denying Plaintiff's claim for disability insurance benefits under

Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's

findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. §

405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't*

*of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d

1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990)

(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

1    Martin O'Malley is substituted as the defendant in this matter, replacing former Acting
Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C.
§ 405(g).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]      Plaintiff argues that the Administrative Law Judge ("ALJ") erred: (1) in finding that his mental health conditions did not constitute severe impairments at Step Two of the sequential analysis; (2) in finding that his conditions did not meet Listings 1.15, 1.16, and/or 1.18 at Step Three; and (3) in formulating his residual functional capacity ("RFC").  The Court disagrees on all counts and finds that the ALJ's decision is supported by substantial evidence.

At Step Two of the Social Security Administration ("SSA")'s sequential analysis, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.  *See* 20 C.F.R. § 404.1520(c).  Plaintiff bears the burden of proof at this step.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  An impairment is "not severe" where the medical evidence establishes that the condition has no more than a minimal effect on the claimant's ability to perform basic work activities, including *inter alia*, understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting.  *See* 20 C.F.R. § 404.1522(b); Social Security Ruling 85-28, 1985 WL 56856 (S.S.A.), at *3 (1985); *Newell v. Commissioner of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (citing SSR 85-28).  It is true that Step Two is a *de minimis* screening device to dispose of groundless claims, *see Newell*, 347 F.3d at 546, but even under this lenient standard, the Court finds that the ALJ's decision that Plaintiff's mental conditions did not qualify as severe impairments was supported by substantial evidence.

Plaintiff correctly asserts that he has been diagnosed with anxiety and depression, but the mere existence of a diagnosis does not equate to a severe impairment.  *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 780 (3d Cir. 2004).  Plaintiff goes further, though, and points to parts of the record demonstrating the impact these conditions have had on him and argues that they demonstrate more than a minimal effect on his ability to work.  However, the ALJ addressed such evidence in finding that Plaintiff's anxiety and depression were not severe.  As required by the SSA's regulations, she applied the "special technique" and considered the four broad categories identified in Listing 12.00C in rating Plaintiff's degree of functional limitation from his mental impairments – (1) understanding, remembering, and applying information; (2) interacting with others; (3) concentrating, persisting, and maintaining pace; and (4) adapting and managing himself – to determine the severity of the mental impairments.  *See* 20 C.F.R. §§ 404.1520a(c)(3), (d). *See also Maddaloni v. Commissioner of Soc. Sec.*, 340 Fed. Appx. 800, 802 (3d Cir. 2009).  She found that Plaintiff suffered mild or no limitations according to these criteria, and properly found, therefore, that his impairments were not severe.  (R. 19-20).

Plaintiff may disagree with the ALJ's consideration of the evidence, but he cannot simply ask the Court to come to its own conclusion by looking at hand-picked evidence from the lengthy record.  As this Court has explained many times to many plaintiffs, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See*

*Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). In making her findings regarding Plaintiff's mental limitations pursuant to the special technique, the ALJ discussed the record in a balanced manner; in discussing the objective evidence, she acknowledged evidence of periods of elevated symptoms, but also cited Plaintiff's positive response to treatment and largely unremarkable mental status examinations. She also discussed Plaintiff's daily activities and noted that her findings were supported by the opinions of both state reviewing agents. All of this constitutes substantial supporting evidence.

Of course, because Plaintiff's claim was not denied at Step Two, it really does not matter whether she was correct or incorrect in determining whether Plaintiff's anxiety and depression were severe impairments. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007). The real issue is whether the ALJ properly accounted for the limitations caused by all of Plaintiff's impairments, even those that were not severe, in formulating the RFC. *See* SSR 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). *See also* 20 C.F.R. § 404.1545(a)(2). Here, the ALJ did consider Plaintiff's claims of anxiety and depression in formulating the RFC (R. 22) and determined that no further limitations were warranted. Given her detailed discussion at Step Two, and the mild limitations she found, this is consistent with the record. *See Holley v. Comm'r of Soc. Sec.*, 590 Fed. Appx. 167, 169 (3d Cir. 2014).

Plaintiff next argues that substantial evidence did not support the ALJ's determination that his conditions did not meet or equal the criteria for a listed impairment as set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential process. Specifically, he argues that ALJ's brief statement, "The record does not establish the medical signs, symptoms, laboratory findings, or degree of functional limitation necessary to meet [the listings in categories 1.00 and 4.00]," did not adequately account for the facts throughout the record that could have supported application of Listing 1.15 for compromise of a nerve root, Listing 1.16 for compromise of the cauda equina, and/or Listing 1.18 for joint abnormality. However, as the Commissioner points out, the ALJ's statement, while brief, was correct, as there was not sufficient evidence in the record to satisfy the requirements of any of these listings.

To satisfy either Listing 1.15 or Listing 1.18, a claimant must establish that the criteria of subsections A, B, C, and D have been met. Subsection D of both listings provides that the claimant must show:

> **D.** Impairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least *one* of the following:
>
> 1. A documented medical need (*see* 1.00C6a) for a walker, bilateral canes, or bilateral crutches (*see* 1.00C6d) or a wheeled

3

and seated mobility device involving the use of both hands
(*see* 1.00C6e(i)); or

2. An inability to use *one* upper extremity to independently
initiate, sustain, and complete work-related activities involving
fine and gross movements (*see* 1.00E4), *and* a documented
medical need (*see* 1.00C6a) for a one-handed, hand-held
assistive device (*see* 1.00C6d) that requires the use of the other
upper extremity or a wheeled and seated mobility device
involving the use of one hand (see 1.00C6e(ii)); or

3. An inability to use *both* upper extremities to the extent that
neither can be used to independently initiate, sustain, and
complete work-related activities involving fine and gross
movements (*see* 1.00E4).

Similarly, Listing 1.16 is met only if either subsection (1) or (2) of part D is met.  Plaintiff
does not argue that he medically needed a bilateral ambulatory device for the requisite amount
of time, nor that he has or had the inability to use both upper extremities to perform work-
related activities involving fine and gross movements, so subsections (1) and (3) do not apply.
In regard to subsection (2), Plaintiff points to his occasional use of a cane and issues with his
shoulders in arguing that the evidence supports a finding of an inability to use one of his
upper extremities to independently initiate, sustain, and complete work-related activities
involving fine and gross movements and a medical need for a one-handed, hand-held assistive
device that requires the use of the other upper extremity.  However, such a finding would be
inconsistent with the ALJ's findings and with the record in general.

In terms of an ambulatory assistive device, at best Plaintiff could establish that he
briefly used one prior to his April 2019 hip decompression surgery.  (R. 486-87, 1304).  The
record does not show he has used – much less medically needed – any such device since
recovering from that surgery, consistent with the ALJ's findings.  (R. 23).  In regard to his
ability to use his upper extremities, Plaintiff points only to vague references of shoulder pain.
(R. 486, 520, 554, 592, 858, 860, 1301, 1304).  However, subsection (2) requires evidence of
an inability to use one of his upper extremities to independently initiate, sustain, and complete
work-related activities involving fine and gross movements.  The listings define fine and
gross movements as follows:

4. *Fine and gross movements. Fine* movements, for the purposes
of these listings, involve use of your wrists, hands, and fingers;
such movements include picking, pinching, manipulating, and
fingering. *Gross* movements involve use of your shoulders,
upper arms, forearms, and hands; such movements include
handling, gripping, grasping, holding, turning, and reaching.
Gross movements also include exertional abilities such as lifting,
carrying, pushing, and pulling. Examples of performing fine and

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 14) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

gross movements include, but are not limited to, taking care of personal hygiene, sorting and handling papers or files, and placing files in a file cabinet at or above waist level.

Listing 1.00.E.4. Nothing cited to by Plaintiff, or anywhere in the record, would support a finding that Plaintiff's shoulder pain precludes him from performing such movements. Indeed, the ALJ noted that, by at least December 5, 2019, Plaintiff exhibited clinical findings of full strength in all muscle groups of the upper and lower extremities, intact sensation, and no use of an ambulatory device. (R. 23). Since, to meet a listing, a claimant must "present medical findings equal in severity to ***all*** the criteria of a listed impairment." *Degenaro-Huber v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 73, 75 (3d Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in the original)), the evidence simply cannot support application of Listings 1.15, 1.16, or 1.18. (Moreover, the record contains no reference to compromise of the cauda equina as required by 1.16.) The Court further notes, as did the ALJ, that no medical consultant concluded that he met or equaled any listing, (R. 21).

As for Plaintiff's final argument, that the ALJ's RFC assessment was not supported by substantial evidence, this is essentially another request for the Court to reweigh the evidence and come to its own conclusion. As the Court explained above, it cannot and will not do so. In any event, the ALJ's RFC findings were well-supported, and she discussed Plaintiff's testimony, the objective medical evidence that included clinical findings of full strength in all muscle groups of the upper and lower extremities, intact sensation, and no use of an ambulatory device after Plaintiff's hip surgery, Plaintiff's significant range of activities of daily living, and the medical opinion evidence, all of which supported her findings. The ALJ also pointed out that none of Plaintiff's physicians consistently identified limitations more restrictive than what was included in the RFC. (R. 25). All of this constitutes substantial evidence in support of the ALJ's determination.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.